Brian Brazier, Esq. (SBN: 245004)
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
Tel: 818.600.5564
Fax: 818.600.5464
brian@pricelawgroup.com
*Attorneys for Plaintiff,*
*Thomas J. Baggaley, Jr.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

THOMAS J. BAGGALEY, JR.,

        Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

        Defendant.

**Case No. 2:18-cv-3605**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. TCPA, 47 U.S.C. § 227 *et. seq.*
2. RFDCPA, Cal. Civ. Code § 1788 *et. seq.*

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

    Plaintiff Thomas J. Baggaley, Jr. ("Plaintiff"), by and through his attorneys, alleges the following against Wells Fargo Bank, N.A. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic

- 1 -

COMPLAINT AND DEMAND FOR JURY TRIAL

dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Penryn, Placer County, California.

7. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a "debt collector" as defined by *Cal. Civ. Code § 1788.2(c)*.

9. Defendant is a financial institution with its principal place of business located in San Francisco, CA.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

///

COMPLAINT AND DEMAND FOR JURY TRIAL

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a debt from Plaintiff.

12. In or around January 2017, Defendant began placing calls to Plaintiff's cellular phone number (916) 216-3981, in an attempt to collect an alleged debt.

13. The calls originated from (800) 988-8019; (800) 225-5935; (877) 673-2256; (877) 673-3981; (602) 523-1205; (866) 272-7132; (866) 248-8389; (602) 523-1205; and (602) 523-1208.  Upon information and belief, these numbers are owned or operated by Defendant.

14. On February 20, 2017, at 12:57 p.m., Plaintiff contacted the Defendant at (800) 642-4720, and spoke to a customer service representative, Jamal.

15. During the conversation, Plaintiff told the Defendant that he did not wish to be called any further and requested that Defendant **only** communicate with him in writing.

16. On February 27, 2017, at 3:14 p.m., Plaintiff contacted the Defendant at (800) 642-4720, and spoke to a customer service representative, Jamal.

17. During the conversation, Plaintiff told the Defendant that he did not wish to be called any further and requested that Defendant only communicate with him in writing.

18. There were several occasions where the Defendant called the Plaintiff four (4) to five (5) times in one day.

19. On or about April 17, 2017, Plaintiff received five (5) calls within an

- 3 -

COMPLAINT AND DEMAND FOR JURY TRIAL

approximately six (6) hour period to his cellular phone from the Defendant, at 8:26 a.m.; 9:02 a.m.; 11:48 a.m.; 2:45 p.m.; and 3:21 p.m.

20. On or about April 18, 2017, Plaintiff received another four (4) calls within an approximately six (6) hour period to his cellular phone from the Defendant, at 8:39 a.m.; 2:19 p.m.; 3:11 p.m.; and 3:48 p.m.

21. On or about May 4, 2017, at 1:40 p.m., Plaintiff answered a call from Defendant originating from (866) 272-7132. Plaintiff heard a pause before a collection agent began to speak, indicating the use of an automated telephone dialing system.

22. During that call, Plaintiff told the Defendant that he did not wish to be called any further and requested that Defendant **only** communicate with him in writing.

23. Between February 20, 2017 and September 18, 2017, Defendant called Plaintiff approximately one-hundred and seven (107) times.

24. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

25. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id*.

- 4 -

26. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id*. at 14091-92, paras. 132-33.

27. Defendant attempted to predict when Plaintiff was available by calling him at: 10:40 a.m. on March 6, 2017; 10:24 a.m. on March 7, 2017; 11:04 a.m. on March 8, 2017; 8:11 a.m. on March 9, 2017; 8:21 a.m. on March 11, 2017; and 8:21 a.m. on March 12, 2017.

28. The Defendant's conduct in attempting to predict when Plaintiff was available is further illustrated throughout the call history between April 2017 and July 2017.

29. The conduct was not only willful, but was done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

30. Further, the conduct was done with such frequency so as to harass Plaintiff.

31. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

- 5 -

a.  Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b.  Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

34. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

///

///

COMPLAINT AND DEMAND FOR JURY TRIAL

# COUNT II

**(Violation of the Rosenthal Fair Debt Collection Practices Act,**

**CAL. CIV. CODE § 1788)**

35. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

36. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

    a.  Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    b.  Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

        i.  Defendants violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

        ii.  Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

COMPLAINT AND DEMAND FOR JURY TRIAL

iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

37. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

38. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Thomas J. Baggaley, Jr. respectfully requests judgment be entered against Defendant, Wells Fargo Bank, N.A., for the following:

A.  Declaratory judgment that Defendant violated the RFDCPA;

B.  Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

C.  Actual damages pursuant to Cal. Civ. Code §1788.30(b);

D.  Costs and reasonable attorneys' fees pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

E.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

F.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G.  Any other relief that this Honorable Court deems appropriate.

- 8 -

COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: April 27, 2018                    By: */s/ Brian Brazier*
                                         Brian Brazier, Esq. (SBN: 245004)
                                         Price Law Group, APC
                                         8245 N. 85th Way
                                         Scottsdale, AZ 85258
                                         Tel: 818.600.5564
                                         Fax: 818.600.5464
                                         brian@pricelawgroup.com
                                         *Attorneys for Plaintiff,*
                                         *Thomas J. Baggaley, Jr.*

COMPLAINT AND DEMAND FOR JURY TRIAL